# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STEVEN DIXON PRENTICE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12CV1088 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a Document [Doc. #1] in which he primarily seeks to contest alleged problems with the United States Bureau of Prisons' and Department of Justice's actions in collecting restitution in his case.   As has already been explained to Petitioner, a challenge to the implementation or execution of the Court's restitution order must be raised through a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district of incarceration after exhaustion of administrative remedies.  (See 1:01CR31-1, Order dated Feb. 7, 2011 [Doc. #60] at 4-5.)  Although Petitioner's present filing is not clear, Petitioner may be attempting to bring a Petition pursuant to § 2241.  However, Petitioner has not used the forms for filing a § 2241 Petition or made clear that he is proceeding under that statute.  Moreover, it appears that Petitioner is incarcerated in the Eastern District of North Carolina rather than this district, and a § 2241 Petition should ordinarily be filed in the district court of the district where the petitioner is in custody.  See United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (noting that for a claim that "attacks the computation and execution of the sentence rather than the sentence itself, . . . . [j]udicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing

court."); <u>Kanai v. McHugh</u>, 638 F.3d 251, 255 (4th Cir. 2011) (noting that in a § 2241 action challenging the execution of the sentence of a petitioner who is in physical custody within the United States, the petition should be filed in the district court of the district where the petitioner is in custody). Accordingly, to the extent Petitioner is challenging the Bureau of Prisons' execution of this Court's restitution order, the action should be dismissed, but without prejudice to Petitioner filing a new petition in the proper district. Petitioner should seek the proper forms from the Clerk of that district and file the petition there. The address for the Clerk is: 310 New Bern Avenue, Room 574, Raleigh, NC 27601.[1]

In his filing, Petitioner also states at various points that the original order of restitution was incorrect or illegal. As such, it is also not clear whether Petitioner may be challenging the sentence imposed by this Court in this case. If Petitioner wishes to challenge the conviction or sentence he received in this Court, he must do so by requesting the proper forms from the Clerk's Office in this District and filing a motion under 28 U.S.C. § 2255. However, because he has already pursued a motion under § 2255 in case 1:03CV891, any such challenge under § 2255 would be a second or successive motion which he would need permission from the United States Court of Appeals for the Fourth Circuit to file. <u>See</u> 28 U.S.C. §§ 2255, 2244(b)(3)(A). Therefore, to the extent that Petitioner's filing could be construed as an effort to file a Motion under 28 U.S.C. § 2255, the action

---

[1] Because it is not clear exactly what relief Petitioner seeks, and in order to allow Petitioner to clarify and file a Petition on the proper forms if he chooses to pursue a § 2241 Petition, the Court concludes that the interests of justice would be served by dismissal without prejudice rather than transfer to another court. <u>See</u> 28 U.S.C. § 1631.

should be dismissed without prejudice to Petitioner filing a Motion for Authorization in the Court of Appeals as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d).[2]

Petitioner has also filed a "Request for Unpublished Record" [Doc. #2]. In that document, he asks that the case be "unpublished" because the issues alleged in his Petition "have the potential of affecting a larger number of potential litigants." Petitioner theorizes that, if he succeeds in obtaining relief, "publishing" the case "may cause an increased load on the Courts." Therefore, he wishes to "quietly close matters." It is not clear what Petitioner means by "publishing," and the Court concludes that there is no basis to support his request. His Request is denied and this case will be treated as any other case before the Court.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation of dismissal without prejudice, as noted above. The Court also notes that Petitioner submitted the $5.00 filing fee in this matter. That fee should be returned to Petitioner by the Clerk.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation, and the Clerk is directed to return the $5.00 filing fee to Petitioner.

IT IS FURTHER ORDERED that Petitioner's "Request for Unpublished Record" [Doc. #2] is DENIED.

---

[2] The Court notes that Petitioner also makes a reference to being a rightful owner of property that was not forfeited to the Government. It is unclear whether Petitioner may be attempting to pursue a Motion for Return of Property under Rule 41(g). However, Petitioner has not used the forms for filing a Petition for Return of Property under that Rule, and the focus of Petitioner's contentions appears to be on the assessment and collection of restitution, as noted above. Therefore, the Court has not construed Petitioner's filing as a Motion under Rule 41(g), but any dismissal of the present action should be without prejudice to Petitioner pursuing a claim pursuant to Rule 41(g) on the proper forms, which he can request from the Clerk's Office if that is his intent.

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing a Petition under 28 U.S.C. § 2241 on the proper forms in the district where he is incarcerated to the extent he seeks to challenge the execution of his sentence by the Bureau of Prisons, and without prejudice to Petitioner filing a Motion under 28 U.S.C. § 2255 if he obtains authorization for filing a second or successive motion from the Court of Appeals for the Fourth Circuit to the extent he is raising challenges to his conviction or sentence in this Court, and without prejudice to Petitioner pursuing a claim under Federal Rule of Criminal Procedure 41(g) on the proper forms if that is his intent.

This, the 11th day of October, 2013.

_____/s/ Joi Elizabeth Peake_____
United States Magistrate Judge

-4-